## Bank of Northern Liberties *versus* Munford.

1. A judgment cannot be impeached collaterally, and while it remains unreversed is conclusive of all the facts determined by it.

2. A garnishee is bound to make any legal defence that a claimant of the fund might make, but if the party is clearly cut off from the defence proposed, the garnishee will also be.

ERROR to the District Court of *Philadelphia*.
Execution attachment.

*Lex*, for plaintiff in error.

*Brinton*, for defendant in error.

The opinion of the court was delivered February 28th, 1859, by

THOMPSON, J.—The defendants in error and below have a judgment against the firm of Reed & Neely. It having been confessed by Neely alone, an application was made by Reed to the District Court, to set aside the judgment as to him individually, which, on hearing, the court did, leaving it in full force and effect against the firm of Reed & Neely. On this judgment the plaintiff issued an execution attachment, and attached moneys of the firm on deposit in the Bank of Northern Liberties, and summoned the officers of the bank as garnishees. In answer to the plaintiff's interrogatories, the bank unequivocally admits $1,476 12 in its hands belonging to the firm of Reed & Neely, but further answers that Reed denies the validity of the judgment confessed by his partner to the plaintiff, and that it was fraudulently confessed; and further, that there is a bill in equity pending for a settlement of the partnership accounts to which they have been made parties. Notwithstanding this answer, the court below entered a judgment against the bank for the sum admitted to be on deposit to the credit of the firm of Reed & Neely.

A judgment cannot be impeached collaterally, and while it remains unreversed is conclusive of all the facts determined by it. Such was the condition of the judgment on which the execution issued. The bank cannot impeach it, and of course can-

[Molony v.-Benners.]

not be injured for not doing an impossible thing. It is true, a garnishee is bound to make every legal defence that a claimant of the fund might make—3 Harr. 103; but if the party is clearly cut off from the defence proposed, the garnishees will also be. Here Reed was as a member of the firm concluded by a judgment as against the firm. His only redress was by a direct attack on the judgment. He had no other. This he did not or could not make, and as he had no other mode of·invalidating the payment, the bank had none. So that the garnishee had no defence on that score to the attachment. Nor was there anything in the plea of the pending of a bill in equity brought by Reed for the settlement of the partnership accounts, and to which the garnishees were made parties, that should prevent the plaintiff from having judgment. The bank has nothing to do with this matter. They have not been enjoined from paying over the money in their hands to the firm or creditors. It is but an ineffectual attempt on the part of Reed to defeat the execution. But whatever might have been the effect under this aspect of the proceedings, it is certain that the mere pending of the bill does not furnish a defence to the garnishee. If the bank was to pay over this money on an execution against the firm, it is difficult to imagine here how a member of it can claim it back again from it. The judgment on which the execution issued would include him in such an attempt then, as it does the garnishees now.

We see no error, and the judgment is affirmed.