# Felix, Appellant, v. Fidelity Mutual Life Insurance Company of Philadelphia.

*Insurance—Life insurance—Suicide—Proofs of death.*

In an action on a policy of life insurance where the company sets up as a defense that the deceased committed suicide within two years from the date of the policy, in violation of its terms, proofs of death are admissible as prima facie evidence of the fact of suicide, where such proofs show that the cause of death was suicide; but they are not conclusive of that fact.

In an action on a policy of life insurance the company set up suicide as a defense. The coroner was called and testified that he found the deceased sitting in his office chair with the top of his head blown off, his arms down, and a shot gun resting between his legs, with a loop of twine through the trigger guard around his right foot. This testimony was not contradicted. *Held,* that it was sufficient to justify a verdict in favor of the company.

Argued May 21, 1906. Appeal, No. 275, Jan. T., 1905, by plaintiff, from judgment of C. P. Northumberland Co., Sept. T., 1902, No. 186, on verdict for defendant in case of Charlotte S. Felix v. Fidelity Mutual Life Insurance Company of Philadelphia. Before MITCHELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a policy of life insurance. Before AUTEN, J.

At the trial defendant set up as a defense that the insured committed suicide within two years from the date of the policy, and in violation of its terms.

The court charged in part as follows:

[The proofs of death and justness of claim submitted to this defendant company contain a statement of the claimant, the plaintiff in this case, a statement by the attending physician, a statement by a friend, and the undertaker's statement. In the statement made by the claimant, the present plaintiff, in answer to the interrogatory " was the death of the deceased in any degree caused by his own hand or act ? " the answer is " do not know," " found him dead at store," " caused by a gun shot wound." The statement of the physician is to the effect that death was caused by suicide, as is also the statement made by the friend, A. G. Goodwill.

Now, gentlemen of the jury, I charge you that this statement sent by the claimant or on her behalf to the company is prima facie evidence of the cause of Mr. Felix's death, to wit : that he committed suicide.] [1]

[I further charge you that the burden is upon the plaintiff to show you by a preponderance of the evidence that those are mistaken statements in the proofs of death, and that unless the plaintiff does convince you by the weight of the testimony that the statements to the effect that the deceased committed suicide are incorrect or untrue, then the verdict should be for the de-

fendant; but I at the same time say, while they are prima facie evidence that the deceased took his own life, that his death was caused by his own hand or act, yet those statements are subject to explanation or qualification, or contradiction by the plaintiff. Now have they qualified, explained or contradicted these statements which go to the effect that the deceased took his own life or committed suicide?] [2]

[Upon the question of suicide you must take into consideration the statements made in the death proofs ; you will take into consideration further the condition in which he was found, the fact that there was a string passing through this trigger guard, and the evidence also shows that the gun—at least the results show, that the gun was loaded.] [3]

[Now, gentlemen of the jury, the evidence of the death so far as we have been able to get it, is not very extensive. If this plaintiff has convinced you by the weight of the testimony, that Charles D. Felix did not commit suicide, then I say to you that your verdict should be for the amount of her claim, to wit: the sum of $2,500 with interest from February 19, 1902.] [4]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*Wm. H. M. Oram*, with him *J. W. Gillespie*, for appellant. —The burden of proof was on the defendant to show that death was caused by suicide : Shank v. United Brethren Mut. Aid Society, 84 Pa. 385 ; Continental Life Ins. Co. v. Delpeuch, 82 Pa. 225 ; Reynolds v. Supreme Conclave, 19 Lanc. 129 ; Fisher v. Life Assn., 188 Pa. 1 ; Hill v. Central Accident Ins. Co., 209 Pa. 632 ; Home Benefit Assn. v. Sargent, 142 U. S. 691 (12 Sup. Ct. Repr. 332).

While proofs of death are admissible in evidence, the plaintiff is not estopped at the trial by anything stated therein by physicians or others : Holleran v. Assurance Co., 18 Pa. Superior Ct. 573 ; Ins. Co. v. O'Neill, 110 Pa. 548 ; Baldi v. Ins. Co., 24 Pa. Superior Ct. 275 ; Lebanon Mut. Ins. Co. v. Kepler, 106 Pa. 28 ; Dougherty v. Pacific Mut. Life Ins. Co., 154 Pa. 385 ; Leman v. Life Ins. Co., 24 L. R. A. 589 ; Fisher v. Fidelity Mut. Life Assn., 188 Pa. 1.

*S. P. Wolverton* and *C. M. Clement,* for appellee.—The death proofs were prima facie evidence for the appellee : Mutual Life Ins. Co. v. Newton, 89 U. S. 32; Hanna v. Connecticut Mut. Life Ins. Co., 150 N. Y. 526 (44 N. E. Repr. 1099); Hassencamp v. Life Ins. Co., 120 Fed. Repr. 475.

The prima facie case is sufficient and conclusive, unless rebutted by the other evidence of the case: State v. Sattley, 131 Mo. 464 (33 S. W. Repr. 41); Benseman v. Ins. Co., 13 Pa. Superior Ct. 363; Lee v. McMillan, 23 W. N. C. 483; Agen v. Life Ins. Co., 105 Wis. 217 (80 N. W. Repr. 1020); Hassencamp v. Life Ins. Co., 120 Fed. Repr. 475.

OPINION BY MR. JUSTICE POTTER, June 27, 1906 :

The question in controversy here is as to the manner in which the insured came to his death. If it was suicide, then under the terms of the policy there could be no recovery.   Upon the trial of the cause in the court below, the defendant company offered in evidence the proofs of death which had been submitted to it by the claimant, for the purpose of showing that according to the statements set forth in the said proofs of death, the insured had died by his own hand, within two years from the date of the policy, and that it was therefore null and void.

The insuring company in this case stipulated that the policy should not apply to self-destruction within the time designated, whether by one who was sane or insane.   The words limiting liability in this respect are precise and definite, and the language could not fail to inform the holder of the policy that if he purposely destroyed his own life within two years, the company would be relieved from liability.   The trial judge admitted the proofs of death as prima facie evidence of suicide, against the objection of the plaintiff.   This was proper, for they were representations on the part of the one for whose benefit the policy was taken, as to the manner of the death of the insured.   She had presented them to the company in accordance with the requirements of the policy as part of the proof necessary to establish the liability of the insurer.   " They were intended for the action of the company, and upon their truth the company had a right to rely.   Unless corrected for mistake, the claimant was bound by them.   Good faith and fair

dealing required that she should be held to representations deliberately made until it was shown that they were made under a misapprehension of the facts, or in ignorance of material matters subsequently ascertained : " Insurance Co. v. Newton, 89 U. S. 32.

The proofs of death furnished by claimant to the defendant company, which showed suicide, operated as admissions by her of a material fact and were competent evidence against her under the rule as to admissions against interest: Hanna v. Conn. Mutual Life Ins. Co., 150 N. Y. 526. But she was not concluded by these statements. It was open for her to give evidence changing or correcting the statements as to the facts, which had been made by or for her. This was just what the trial judge said to the jury. After instructing them that the statements as to the cause of death submitted by the claimant were prima facie evidence thereof, the trial judge continued in his charge as follows : " But I at the same time say that while they are prima facie evidence that the deceased took his own life, that his death was caused by his own hand or act, yet these statements are subject to explanation or qualification, or contradiction by the plaintiff." This presentation of the case gave to the plaintiff the benefit of everything to which she was justly entitled. It gave her an opportunity to show the exact truth, and to correct any mistake that may have been made in the formal proofs of death which had been submitted by her or on her behalf to the company. A prima facie case having been made out, in favor of the defendant company, by the solemn statements made under oath, submitted by the claimant, the learned trial judge was correct in holding that the burden of evidence to show that the death of the insured was not self-inflicted, was shifted to the plaintiff. " The burden of proof is shifted by every species of evidence strong enough to establish a prima facie case against a party : " Best on Evidence, sec. 273. If the case had closed without any rebutting evidence having been offered on the part of the plaintiff, the jury could not have been permitted to disregard the presumptive evidence of suicide contained in the proofs of death. And therefore the trial judge correctly stated the principles of law applicable to the facts at that stage of the case, when he said to the jury, " if this plaintiff has convinced you by the weight

of the testimony that Charles D. Felix did not commit suicide, then I say to you that your verdict should be for the amount of her claim." The case had assumed that attitude by reason of the admissions made to the company in the proofs of death. The court went to the verge of liberality to the plaintiff in submitting the question to the jury at all, for the evidence offered at the trial was very slight as to the cause of death being other than as stated in the proofs of death.

There was nothing to show that the statements in the proofs were erroneous, nor was any testimony offered to rebut the only reasonable inference which could be drawn from the testimony of the coroner, that the case was one of suicide. The coroner testified that he found the deceased sitting in his office chair with the top of his head blown off, his arms down, a shotgun resting between his legs, with a loop of twine through the trigger guard around his right foot. This testimony was not contradicted in any way. It was of a nature to carry with it the instinctive and intuitive conviction that the injury was self-inflicted. The circumstances instead of discrediting in any way the conclusions drawn from them by the friends who made the sworn statements at the request of the claimant to be filed with the company as explanatory of the cause of death, evidently only operated upon the minds of the jury as corroborative of their correctness, and they showed by their verdict that they too must have drawn the same inference as that set forth in the statement filed with the company. As the trial court said in the opinion refusing the motion for a new trial, " plaintiff was given an opportunity of contradicting, modifying or explaining the death proofs. The burden of doing this to the satisfaction of the jury was upon her, and she evidently failed."

We can see no merit in any of the assignments of error, and the judgment is affirmed.