## Jenkner *v.* Knights of Maccabees, Appellant.

*Insurance—Life insurance—Insurance policies—Suicide clause—Death by poison—Suicidal intent—Mistake—Case for jury.*

1. Where in an action upon a life insurance policy which provides that it shall be void if the insured commits suicide, the proofs of death furnished by the beneficiary give suicide as the cause of death, the burden is shifted to the beneficiary to show that death was not in fact caused by suicide.

2. Where in an action upon a life insurance policy, it appears that the death of the insured was caused by drinking carbolic acid when alone in his bed room, and the proofs of death signed by the beneficiary gave suicide as the cause, the case is for the jury and a verdict for the plaintiff will be sustained, where it further appears from the plaintiff's evidence that the proofs of death were filled out by a representative of the defendant, were not read to her and were signed by her without knowing the contents, that the bottle of acid had been procured by the insured for household purposes and placed in a closet containing his medicine, it also appearing that the insured's eye sight was impaired at the time.

Argued Oct. 27, 1913. Appeal, No. 147, Oct. T., 1913, by defendant, from judgment of C. P. No. 4, Allegheny Co., Third T., 1910, No. 540, on verdict for plaintiff in case of Fanny Jenkner v. Supreme Tent of the Knights of the Maccabees of the World, Bessemer Tent No. 92, Knights of Maccabees of the World. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a policy of life insurance.  Before CAR-
NAHAN, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,899.78 and judgment
thereon.  Defendant appealed.

*Errors assigned* were various instructions to the jury,
the refusal of the court to direct a verdict for defendant
and to enter judgment for defendant n. o. v.

*A. C. Johnston,* with him *S. F. Bowser,* for appellant.

*Jos. F. Mayhugh,* for appellee, was not heard.

PER CURIAM, January 5, 1914:

The policy of insurance issued by the defendant on the
life of the plaintiff's husband, contained a provision that
it should be void if the insured committed suicide.  His
death was caused by his drinking carbolic acid when
alone in his bed room.  The question at the trial was
whether he drank the acid with suicidal intent or by
mistake for a medicine he was accustomed to take.  In
the proofs of death furnished by the plaintiff, who was
the beneficiary named in the policy, suicide was given as
the cause of death.  This shifted the burden of proof:
Felix v. Ins. Co., 216 Pa. 95.  In support of her claim
she testified that the proofs of death were filled out by
a representative of the defendant, were not read to her
and were signed by her without a knowledge of their
contents; that the bottle containing carbolic acid had
been procured by her husband for household use and had
been placed in a closet with bottles containing his medi-
cine and that at the time his sight was impaired and his
eyes were under treatment because of a recent injury.
Her testimony was corroborated by that of her son.  The
case thus made out was for the jury and we find no error
in the manner in which it was submitted.

The judgment is affirmed.