# Petitt, Appellant, *v.* Most Excellent Assembly of Artisans Order of Mutual Protection.

*Beneficial societies—Benefit certificate—Cause of death—Burden of proof—Evidence.*

In an action to recover amount due on a benefit certificate which provided for the payment of $1,000 to a beneficiary upon

the death of the insured unless "his death shall be caused by the use of intoxicating liquors," the burden was upon the defendant to show that the deceased died of alcoholism. The introduction in evidence of the proof of death, in which alcoholism was given as one of the causes of the death of the insured did not shift the burden of proof, and the defendant must produce adequate and sufficient evidence that the death of the insured was the result of the use of intoxicants.

*Beneficial societies—Cause of death—Charge of court.*

It was error for the trial judge to charge the jury that the plaintiff was entitled to recover a verdict "unless alcohol was the direct, proximate and paramount cause" of the death of the insured. Such a restriction placed too great a burden upon the defendant.

Argued October 16, 1919. Appeal, No. 131, October T., 1919, by plaintiff, from order of C. P. No. 3, Philadelphia County, December T., 1917, No. 1190, awarding a new trial in the case of Mary H. Petitt v. Most Excellent Assembly of Artisans Order of Mutual Protection. Before ORLADY, P. J., PORTER, HENDERSON, HEAD and KELLER, JJ. Affirmed.

Rule for new trial. Before FERGUSON, J.

From the record it appeared that at the trial of the case the plaintiff recovered a verdict against the defendant in the sum of $1,076. Subsequently the court awarded a new trial on the ground that the trial judge erred in charging the jury that the burden of proving cause of death was on the defendant and is affirming the plaintiff's points for charge. Plaintiff appealed.

*Error assigned* was the order of the court granting a new trial.

*G. C. Ladner,* of *Ladner & Ladner,* for appellant.— The granting of the new trial was based upon a palpable error of law and was an abuse of judicial discretion: First National Bank v. Fidelity Trust Co., 251 Pa. 536;

Danboro, etc., Turnpike Co. v. Bucks County, 258 Pa. 391; Schoch v. Berry, 70 Pa. Superior Ct. 560.

The burden was upon the defendant to prove the cause of the death of the insured: Burkard v. Travellers Insurance Co., 102 Pa. 262; Reynolds v. Casualty Co., 30 Pa. Superior Ct. 456; Odd Fellows Ins. Co. v. Rohkopp, 94 Pa. 59; Bowers v. The Casualty Co., 260 Pa. 147.

The death affidavits were prima facia evidence for the appellee: Poland v. Tribe of Ben Hur, 211 Ill. App. 176; Denver Life Ins. Co. v. Price, 18 Col. App. 30; Felix v. Ins. Co., 216 Pa. 95.

*Joseph T. Taylor,* and with him *Frank B. Stockley,* for appellee.

OPINION BY HEAD, J., December 8, 1919:

The plaintiff was the named beneficiary in a certificate of insurance issued by the defendant order to William R. Petitt, one of its members. It pledged the faith of the order to the payment of one thousand dollars to the said beneficiary after the death of the member and contained, inter alia, the following proviso: "And provided further that if his death shall be caused by the use of intoxicating liquors......then and in that case this Order shall not be liable to pay anything on this beneficiary's certificate or in consequence of such death." The defendant association resisted payment on the ground of a breach of the proviso just quoted. On the trial, the learned judge below submitted the case to the jury, under instructions to which we shall hereafter advert, and there followed a verdict for the plaintiff for the amount of her claim. Upon consideration of a rule for a new trial, the court in banc made an order setting aside the verdict and making the rule absolute. In the opinion filed with the order the court specified two reasons which led to its conclusion that the instructions given to the jury were not in accord with established legal principles and, therefore, the case

should be retried.    The plaintiff, contending that the
original instructions were correct and that the court in
banc fell into error in concluding otherwise, took this ap-
peal and assigns for error that there was such an abuse
of discretion in setting aside the verdict in her favor, as
to call for a reversal of the order made below.

For the purposes of this opinion, at least, we may con-
cede the correctness of the appellant's contention that,
where it is made to appear "the granting of a new trial is
based upon a plain, palpable error of law applicable to
the facts of the case, it is such an abuse of judicial discre-
tion as will warrant a reversal of the order."

The first of the alleged errors here complained of
arises from the following statement in the opinion of the
court in banc: "The trial judge in his charge told the
jury that the burden was on the defendant to show that
the insured died of alcoholism.    In view of the evidence
this probably was error because the proof of death having
shown alcoholism as the cause of death the burden shifted
and the plaintiff became charged with the burden of
showing that the insured died from some other cause:
Jenker v. Knights of Maccabees, 243 Pa. 281; Felix v.
Fidelity Co., 216 Pa. 95."    The first sentence above
quoted was certainly a correct statement of the law ap-
plicable to such a case.    The defense set up was an af-
firmative one and the burden was on the defendant to
establish it, at least, in so far as was necessary to make
out a prima facie case.    The defendant, not contesting its
liability to assume such burden in the first instance,
argues that such prima facie case had been made out
when it offered in evidence the proof of death furnished
by the plaintiff which included the answers to certain
questions made by the physician who attended the de-
ceased in his last illness.    These answers were made on a
blank furnished by the defendant.    They were as follows:
"14. State immediate cause of death. (Answer) Acute
cardiac dilation.    15. State remote cause of death; if from
disease give predisposing cause. (Answer) Acute alcohol-

ism." Do the answers quoted to the questions prepared by the defendant bring the case within the ruling of the two cases cited by the learned court below and warrant the conclusion that, by their introduction, the burden of proof theretofore on the defendant was shifted to the plaintiff. In Felix v. The Insurance Co., supra, the proofs of death contained "A statement of the claimant, a statement by the attending physician, a statement by a friend ......the statement of the physician is to the fact that death was caused by suicide, as is also the statement made by the friend." In discussing the situation that arose upon the admission of the proof of death in that case, Mr. Justice POTTER said: "The proofs of death furnished by claimant to the defendant company which showed *suicide* (Italics ours) operated as admissions by her of a material fact and were competent evidence against her under the rule as to admissions against interest......A prima facie case having been made out in favor of the defendant company by the solemn statements made under oath submitted by the claimant, the learned trial judge was correct in holding that the burden of evidence to show that the death of the insured was not self-inflicted, was shifted to the plaintiff." It is to be carefully observed, therefore, that the proofs of death furnished by the plaintiff in that case contained a distinct and unqualified declaration that the deceased came to his death by his own act. This was a flat denial of her right to recover and unless the jury could be satisfied by evidence thereafter offered that such admission resulted from a mistake or an incorrect inference from the facts, she would have been properly put out of court by her own admission. The same situation arose in the case of Jenker v. Knights of Maccabees, supra, because, there, the Supreme Court declares: "In the proofs of death furnished by the plaintiff who was the beneficiary named in the policy suicide was given as the cause of death." Now, in the case at bar, we have no such showing in the proofs of death as would, in the absence of

other evidence, deny to this plaintiff a right to recover. The immediate cause of death as therein certified was not one which would, in and of itself, remove the beneficiary from the class that could avail itself of the benefits of such a certificate. The immediate cause of death discloses the existence of nothing prohibited by the certificate. It is only in the physician's statement of the remote cause of death that we find any mention of something upon which the defendant might rest a defense to the claim. We are of opinion, therefore, that the mere introduction of the proofs of death in this case did not shift the burden of proof and that if the conclusion it had done so were the only reason impelling the court to award a new trial, the order complained of would be difficult to sustain.

The learned trial judge in charging the jury affirmed unqualifiedly the following point presented by the plaintiff: "The plaintiff is entitled to recover a verdict for the amount of the benefit certificate unless alcohol was the direct, proximate and paramount cause of the death of William R. Petitt." The learned court in banc was of opinion such an instruction might be construed as imposing upon the defendant a burden not warranted by the application of any legal principle recognized by the courts of Pennsylvania. It is our judgment the learned court in banc was right in its conclusion. As we have said, the defense set up in this case was an affirmative defense and therefore, imposed upon the defendant the duty of establishing it by the preponderance of the evidence. If the jury were able to find from the weight of the evidence that the death of the certificate holder was "caused by the use of intoxicating liquors" then the defendant had discharged its legal obligation and the jury would have been warranted in finding a verdict in its favor. The court should have instructed them that the production of proof establishing that the cause of death was the use of what was prohibited by the certificate was what was legally required of the defendant and that not

more than such proof could be demanded. Of course, it was proper, indeed necessary, for the trial judge to instruct the jury what was the legal significance of the words "cause of death." The very language of the certificate itself is not difficult of comprehension if the words embraced in it are given the ordinary meaning that would be attributed to them in the common speech of the people. Accuracy of expression is not always promoted by the multiplication of unusual adjectives. Certainly, there is no case in Pennsylvania in which deliberate judicial utterance has declared it to be obligatory on the court to have said in the present case the defendant must prove "alcohol was the direct, proximate and paramount cause of the death." For instance, in the argument of the learned counsel for the appellant, the word "direct" is used as if it were the synonym of "immediate" expressing the time relation of two events. The "immediate" cause of death in almost every case is the cessation of those functions without which human life cannot exist. In that sense it might not untruly be said that heart failure is the direct or immediate cause of the death of every human being, but such a statement would hardly satisfy the aim of the law to be as accurate as circumstances may permit. If the "dilation" of the heart could be fairly and satisfactorily traced to a controlling cause just back of it, it would be clear enough to the mind of the average man that the cause which produced the heart "dilation" was in truth and in fact the cause of death. In attempting to reduce a general legal principle to a definite rule of action we prefer to adopt the language of the Supreme Court of the United States, speaking by a jurist of much experience and ability, Mr. Justice HARLAN, in Insurance Co. v. Davey, 123 U. S. 739: "If the substantial cause of the death of the insured was an excessive use of alcoholic stimulants......his health was impaired by intemperance within the meaning of the words 'so far intemperate as to impair his health.'" This expression was afterwards repeated, with approval, in the opinion of Mr.

Justice LAMAR when the same cause was heard again, 140 U. S. 76. In that case, the court affirmed the correctness of this instruction to the jury "if the jury should believe that the efficient and controlling cause of the death of William A. Davey was the excessive and continuous use," etc. The expressions we have quoted, or others of like import, appear to us to be well adapted to satisfy every legal requirement in the instructions to a jury in a case like the present one. They crystallize the description of the principle adopted in May on Insurance (Ed. 1901), section 301, much relied on by appellant: "To warrant such a defense it should appear that intemperance was the cause of death so recently prior to the death and having such an obvious connection with it, that death may be clearly traceable to it and fairly said to have been produced by it." We are not persuaded the learned court below fell into error in reaching the conclusion it should not have affirmed without qualification the point submitted by the plaintiff which we have quoted. In this respect the contention of the learned counsel for the appellant cannot prevail and, therefore, the court below cannot be convicted of such an abuse of discretion as to warrant a reversal of the order complained of.

An examination of all of the evidence adduced upon the trial might very well lead to the conclusion that the learned court below was fully warranted in setting aside the verdict on the ground that it was against the weight of the evidence and were there nothing else in the case we should hesitate to reverse the order on that account. As the case must go back for another trial we have thought it best to fully consider the question in all of its aspects, and have given our views thereon for the guidance of the court in the conduct of the trial to come.

The appeal is dismissed at the costs of the appellant.