Shaffer et ux. *v.* Hebenstreit (et al., Appellant).

160

Argued March 13, 1935.

Before KEL-
LER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER,
JAMES and RHODES, JJ.

*Jay B. Leopold,* for appellant.

*Earle Hepburn,* for appellees.

OPINION BY JAMES, J., October 2, 1935:

The plaintiffs, husband and wife, recovered verdicts
against the defendant for damages arising out of an
automobile collision.  Subsequently, the plaintiffs is-
sued an attachment execution and summoned as garni-
shee the Manufacturers Casualty Insurance Company,

the insurance carrier for the defendant. Prior to the trial the insurance carrier gave notice to the assured of its denial of liability under the policy and did not participate in any manner in the trial of the case. At the trial on the attachment execution, plaintiffs offered in evidence the original and supplementary interrogatories with the answers thereto, and the policy of insurance covering the defendant. The garnishee offered no testimony but submitted its point for binding instructions. The court directed the jury to find for the plaintiffs. Garnishee moved for a judgment non obstante veredicto which was refused; from the judgment entered on the verdict, the present appeal was taken assigning as error the failure to affirm its point for binding instructions and the refusal of the court to grant judgment non obstante veredicto.

The garnishee contends that it was entitled to binding instructions since its answer to the interrogatories disclaimed any liability under the insurance policy on the ground that assured at the time of the accident had violated the provisions of the policy. The 14th interrogatory and answer offered in evidence by the plaintiffs read as follows: "What reason did you give the defendant for denying liability on said policy in connection with the accident described occurring June 9, 1930. *Answer:* Garnishee denied liability under said policy to the defendant for the reason that the defendant at the time of the accident had violated the provisions of said policy. Particularly paragraph 8—Exclusion 'E.' " The policy under the head of Exclusions provided as follows: "VIII. The company shall not be liable under this policy for ...... (e), accidents occurring while any of the automobiles insured hereunder are being operated by an unlicensed driver or by any person while under the influence of any intoxicating liquor." Nothing appears in the record of the trial as to what phase of Paragraph 8, Exclusion 'E'

was relied upon as a defense, whether the car was being operated by an unlicensed driver or by a person under the influence of intoxicating liquor, although the original answer alleged that defendant was under the influence of intoxicating liquor. The garnishee's position is this, that since the interrogatories and answers were offered in evidence by the plaintiffs, the burden was placed upon the plaintiffs to prove that the defendant had not violated the provisions of the policy.

It is true that by not assuming the defense of the original action the garnishee preserved the right of raising the question in a suit against it, that the defendant had not complied with the provisions of the policy: Malley v. American Indemnity Co., 297 Pa. 216, 146 A. 571; Graham v. U. S. Fidelity, 308 Pa. 534, 162 A. 902. But the garnishee, by setting up the defense that the defendant has violated the provisions of Paragraph 8, Exclusion 'E,' submits a defense which is affirmative in character, and consequently the garnishee has the burden of establishing its defense. In Petitt v. Most E. A. of A. O. Mut. P., 73 Pa. Superior Ct. 227, which was an action to recover the amount due on a benefit certificate which provided for payment unless "his death shall be caused by the use of intoxicating liquors," it was said that, (p. 232) "...... the defense set up in this case was an affirmative defense and therefore, imposed upon the defendant the duty of establishing it by the preponderance of the evidence." See also Bowers v. Great Eastern, 260 Pa. 147, 103 A. 536; Dougherty v. Pacific Mutual, 154 Pa. 385, 25 A. 739; Watkins v. Prudential Ins. Co., 315 Pa. 497-508, 173 A. 644. Were we to rule otherwise, "it would necessarily follow that, for the same reason, (plaintiffs would be) required to establish the nonexistence of all the other stringent provisions by which the policy might be avoided": Fisher v. Life Assoc., 188 Pa. 1, 41 A. 467. The burden of proof being upon

the garnishee of establishing that defendant had violated the provisions of the policy, how can it be said that the introduction of the answer to the interrogatory that it defended the action on that ground, met the burden that it was required to sustain? The most that could be said for the answer to the 14th interrogatory, was that it indicated the defense which the garnishee intended to assert upon the trial, but its introduction could not supply the proof which was required to avoid the liability which would otherwise exist under the policy, which was established by answers to other interrogatories. In the case of James Bonar & Co. v. South Penn Oil Co., 47 Pa. Superior Ct. 315, it was held that on the trial of an attachment execution where it appears that the answers of the garnishee to interrogatories contained admissions sufficient to make out a prima facie case for plaintiff, the latter is entitled to avail himself of such admissions; although they are coupled with self serving declarations alleging that the liability which would otherwise exist had been avoided or released. ...... In such a case the plaintiff makes out a prima facie case by the admissions and the burden of proof is then cast upon the garnishee to prove the matters of defense stated in the answers. See also Lansdale Trust & Safe Deposit Co. v. Smith, 19 Pa. Superior Ct. 235. In resting solely upon the allegations of the answer, garnishee failed to sustain the burden of proof in establishing that the provisions of the policy had been violated.

Appellant further complains that error was committed in refusing to strike off the original judgment because of the failure to file an affidavit that the statement of claim and notice to file affidavit of defense was served upon the defendant. The original summons which issued July 21, 1930, returnable the first Monday of August, 1930, was returned N. H. The statement of claim was filed July 23, 1930. On October 6,

1930, an alias summons was issued and returned, served October 8, 1930. Prior to the trial a rule to take the deposition of a going witness was filed, which was served upon the defendant, and on February 3, 1931, a rule, which was served upon the defendant to advance the trial, was made absolute. On May 12, 1931, verdicts were rendered and judgments entered on May 19, 1931. On July 7, 1931, the attachment execution was issued and interrogatories filed; on July 15, 1931, answer was filed by the garnishee. On July 20, 1931, rule for judgment was entered for want of sufficient answers; on August 22, 1931, supplemental interrogatories were filed and answers filed September 3, 1931. On December 16, 1931, rule on garnishee to plead was filed and on December 29, 1931, the rule to strike off the judgment was granted. On January 4, 1932, plaintiffs filed an affidavit by Charles J. Hebenstreit, original defendant, which set forth that he had been served personally with a true and correct copy of the statement of claim that had been filed, together with notice to file an affidavit of defense during July or August of 1930, and that he had been served on May 2, 1931, with written notice that the case was listed for trial on Monday, May 11, 1931. On January 6, 1932, the rule to strike off judgment was discharged. The record clearly indicates that the original defendant was duly served and notified of all steps taken down to and including the trial, and the garnishee did not until the rule to plead, raise any question as to the validity of the judgment or the preliminary steps leading to it.

Appellant's sole complaint is not that the statement of claim which was filed was not served but that the affidavit of service had not been filed, within thirty days after the return day of the writ, as required by a rule of the municipal court, a complete copy of which is not in the record. Assuming that the rule had been violated, no complaint was made by the defendant, and

he is not now complaining. The action of the court in discharging the rule to strike off the judgment after the affidavit of service had been filed, was equivalent to an allowance of filing the affidavit nunc pro tunc, which we have no doubt the court would be authorized to do. However, as appellant was not a party to the original judgment, it had no standing to question the validity of the original judgment: Black v. Nease, 37 Pa. 433; Bank of Northern Liberties v. Munford, 3 Grant 232; Com. v. Groezinger, 113 Pa. Superior Ct. 365, 173 A. 691; Morris v. Bender (Bankers Indemnity Ins. Co., Garnishee) 317 Pa. 533, 177 A. 776.

The assignments of error are overruled and the judgment is affirmed.