Feinstein *v.* Orenstein (et al., Appellants).

Argued September 28, 1956. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (HIRT, J., absent).

*Ralph S. Croskey*, with him *Croskey & Edwards*, for appellant.

*David Kanner,* for appellee.

OPINION BY ERVIN, J., November 13, 1956:

This is an appeal by the New Amsterdam Casualty Company from the refusal of the court below to grant a motion for a new trial after verdict rendered by a jury in favor of the plaintiff and against appellant as garnishee in an attachment sur judgment proceeding.

Albert Orenstein was insured by the New Amsterdam Casualty Company under an automobile liability policy. On January 3, 1950, while the policy was in force, Milton Orenstein, son of the insured, who was also insured under the terms of the policy, was involved in an automobile accident with a vehicle operated by Harry Feinstein. Feinstein instituted an action in trespass against Milton Orenstein on May 29, 1950. The complaint was served on June 1, 1950. Judgment was entered on December 15, 1950 for want of an appearance and on April 12, 1954 damages were assessed in the amount of $1,500.00. An attachment sur judgment was issued and the appellant was brought in as garnishee. Interrogatories were filed by the plaintiff and answered by the appellant. The trial of the case resulted in a verdict in favor of plaintiff against the garnishee. The court below refused to grant garnishee's motion for new trial and this appeal followed.

Appellant contends the court below abused its discretion in refusing the motion for a new trial which was based on the claim the verdict was against the weight of the evidence. The granting of a new trial on the ground that the verdict is against the weight of the evidence is peculiarly for the court below, and its decision is not a matter for review on appeal in the absence of palpable abuse of discretion. *Savitz v. Gallaccio,* 179 Pa. Superior Ct. 589, 118 A. 2d 282.

In the instant proceeding the garnishee set up the affirmative defense of failure of the insured to cooperate with the garnishee by not giving timely notice of the suit brought against the insured or delivering the suit papers to the garnishee as the insured was required to do under the provisions of the policy. Therefore, the burden of proof was on the garnishee. *Shaffer v. Hebenstreit,* 119 Pa. Superior Ct. 159, 180 A. 725.

The defense asserted by the appellant as contained in reply to plaintiff's interrogatories is as follows: "The New Amsterdam Casualty Company, garnishee, was prejudiced by the entry of judgment of December 15, 1950, against Milton Orenstein, its insured, as the defendant, Orenstein, had failed to co-operate as obligated to do under the terms and conditions of the policy, by giving to the insurer, the New Amsterdam Casualty Company, notice of the suit, and failed to co-operate by permitting judgment to be entered against him, the defendant, Milton Orenstein, without giving notice of the suit to the New Amsterdam Casualty Company."

Appellant admits the receipt of notice of the accident on January 10, 1950 and that a written report of the accident dated March 7, 1950 was filed by Milton Orenstein. Appellant also acknowledges receipt of a report of an examination of Feinstein by Dr. Segal concerning injuries Feinstein sustained as a result of the accident. However, appellant contends no notice of the commencement of any legal proceedings was received from the insured nor was any copy of the complaint, filed and served upon the insured, ever forwarded or delivered to it.

Appellant produced five witnesses at the trial in an effort to prove non-receipt of the suit papers. Their testimony is ably summarized in the opinion of the learned trial judge as follows: "The garnishee attempted to prove that by the very nature of its office routine,

had defendant Orenstein brought the suit papers in, as he claimed, the company would have known about it and would have taken steps to represent his interests. Various individuals from the office of the insurance company testified as to the manner in which claims were handled. All denied knowledge of receipt of the suit papers in the matter of Feinstein against Orenstein. Two of the office personnnel who had handled the Orenstein file were not available as witnesses; one was deceased, another was not able to be located." Appellant contends it first received notice that legal proceedings had been instituted by Feinstein on October 26, 1953 when a letter was received from Feinstein's counsel. Subsequently, another letter dated December 14, 1953 was received from Feinstein's counsel advising that the case was on the preliminary call of the trial list and would be heard in January, 1954. Appellant thereupon advised Albert Orenstein by letter dated December 17, 1953 of its receipt of notice of the suit and stated it had never received the suit papers and thus would be justified in disclaiming liability under the policy. A request for an explanation of the situation was also made but no reply to this letter was received by appellant. Appellant then wrote to Milton Orenstein under date of December 22, 1953 disclaiming liability under its policy due to the failure of the insured to deliver the suit papers which had been served on June 1, 1950. No reply to this letter was received and appellant argues that failure of the insureds to reply to the aforementioned letters justified its action in disclaiming liability under its policy.

At the trial plaintiff Feinstein relied on the terms of the policy issued by appellant covering the defendant and the testimony of Milton Orenstein that he delivered the complaint to the appellant at its office within two or three days after it had been served upon him.

Milton Orenstein testified that upon the advice of the insurance broker he personally took the suit papers to the office of the insurance company. He described the complaint in the following manner: "The front had my name and Mr. Feinstein's name. It was a yellow folder, about two inches wide and five inches long, and through the whole text it had what happened in the accident, the injuries that were caused, and, of course, the sum I was being sued for." Although he did not recall the name of the insurance company Orenstein correctly described the location of the company's office where he went to deliver the suit papers. Orenstein also denied ever receiving the letter dated December 22, 1953 from appellant which contained the disclaimer of liability by appellant and explained that he was in the service at the time.

The sole issue in this proceeding was whether or not the appellant insurance carrier had received notice from Orenstein of the suit instituted against him by Feinstein. In view of the conflicting evidence the determination of this factual issue was for the jury. Oral testimony alone supported the defense and the credibility of witnesses had to be determined by the jury. *Zenner v. Goetz (Travelers Indemnity Co.)*, 324 Pa. 432, 188 A. 124. We find no abuse of discretion in the refusal of the court below to grant a new trial.

Judgment affirmed.