### KATZ v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

CARRIERS ⬤⇒318—INJURY TO PASSENGER—NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

In an action against a street railroad for injuries received by a passenger while alighting, evidence *held* insufficient to show any negligence on part of defendant.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1307–1314; Dec. Dig. ⬤⇒318.]

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Minnie Katz against the Nassau Electric Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed, and complaint dismissed.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

George D. Yeomans, of Brooklyn (A. C. Mayo, of Brooklyn, of counsel), for appellant.

Mordecai P. Springer, of New York City, for respondent.

GUY, J. The plaintiff has recovered a judgment for damages for personal injuries. The negligence charged in the complaint is that after defendant's car, in which plaintiff was a passenger, was stopped to allow her to alight, and before she was given opportunity to alight, it was suddenly started, throwing her to the street and causing the injuries complained of.

The plaintiff herself was the only witness to prove the negligence of the defendant, and she testified that on July 4, 1914, she was "riding in the car, and the car stopped, and I waited until all went off. I was the last to get off. I commenced to get off, and he whistled, and I fell off." She subsequently stated that the person who whistled was the conductor, and then subsequently stated that she did not remember hearing the conductor whistle. The facts testified to were palpably insufficient to make out a prima facie case of negligence, no negligence of any kind was shown, and the defendant's motion to dismiss the complaint should have been granted.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.