# Bowers v. Great Eastern Casualty Company, Appellant.

*Insurance—Accident insurance—Intoxication—Unnecessary exposure to danger—Violation of laws—Speed—Proximate cause—Policy—Construction—Automobile accident—Case for jury.*

1. Where a clause in an insurance policy provides, "This insurance does not cover......injuries fatal or otherwise, resulting wholly or in part, directly or indirectly from or while or in consequence of being affected by intoxicants,......unnecessary exposure to obvious danger,......violating laws," a defense thereunder is affirmative in character and the burden rests upon the defendant of showing that the assured, when the accident occurred, was affected by intoxicants, or was violating the law of exposing himself to unnecessary danger.

2. Under such policy it is necessary for the defendant to show facts warranting a conclusion that the accident occurred as a consequence or result of the assured having taken intoxicants, and there is no merit in the contention that any physiological change from normal conditions, however slight, superinduced by an intoxicant, avoids the policy.

3. In an action by a beneficiary to recover on such policy issued to her husband, who lost his life in an automobile accident, where there was evidence that the accident was caused by the automobile leaving the highway and plunging over an embankment while it was being driven at an excessive rate of speed by the assured, and that the assured, who was at the time returning from a picnic with companions, had taken considerable quantities of intoxicating liquor before the accident, the question whether the intoxicants, the violation of the speed law, or any unnecessary exposure to danger, was the proximate cause of the accident was for the jury and a verdict for the plaintiff will be sustained.


Argued Oct. 10, 1917. Appeal, No. 39, Oct. T., 1917, by defendant, from judgment of C. P. Allegheny Co., April T., 1914, No. 1640, on verdict for plaintiff in case of M. E. Bowers v. Great Eastern Casualty Company. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and WALLING, JJ. Affirmed.

Assumpsit upon a policy of accident insurance. Before Evans, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $5,948.33, upon which judgment was entered. Defendant appealed.

*Errors assigned* were the charge of the court, the refusal of binding instructions for defendant and of defendant's motion for judgment n. o. v.

*George R. Wallace,* with him *Wallace & Watson,* for appellant.

*J. Smith Christy,* with him *T. Chalmers Duff,* for appellee.

Opinion by Mr. Justice Stewart, January 7, 1918:

Action was brought to recover on an accident insurance policy issued by the defendant company to one Calvin B. Bowers, who lost his life in an automobile accident 27th August, 1913. The plaintiff in the action is the widow of the deceased and the beneficiary named in the policy. The company denied liability on the ground that accident and death, occurring as they did here, are not within the terms of the insurance contract; specifically, that the assured at the time the accident occurred was affected by intoxicants, that he was violating the law in maintaining the speed he did, and that he was exposing himself unnecessarily to obvious danger in so doing. Under the heading of "Agreements" in the policy this appears—we omit all that is confessedly without relation to the facts of this case—"Sec. 4. This insurance does not cover......injuries fatal or otherwise, resulting wholly or in part, directly or indirectly from, or while, or in consequence of being affected by intoxicants, ......unnecessary exposure to obvious danger,...... violating laws." The defense being affirmative in character, the defendant assumed the burden of showing that

the assured, when the accident occurred, was affected by intoxicants, was violating law and exposing himself to unnecessary danger. The evidence disclosed these facts: The assured, with three companions, was returning from a picnic in an automobile driven by the assured; while driving along a broad highway in the late afternoon, but when it was yet day light, for reasons unexplained the automobile left the main track, suddenly swerved over an embankment at the side of the road and was precipitated into a creek below; the assured, who had been driving, was killed, and the other occupants of the car were each more or less injured. Evidence was adduced by the defendant showing that the assured during the trip had indulged in a number of glasses of beer, and other evidence with respect to the rate of speed at which he was driving the car. The case was submitted to the jury by the trial judge in a charge to which exception is taken, but which to say the least was both intelligible to the jury and impartial. The trial resulted in a verdict for the plaintiff for the full amount of the policy. A motion for a new trial and judgment n. o..v. followed, which was refused, and judgment on the verdict was directed. The assignments of error are unduly multiplied. The real questions in the case are few in number and they can all be developed from the following brief extract from the trial judge's charge, which is made the subject of the defendant's fourth assignment. "Now these are the questions, gentlemen, which are raised in this case. Was he (the assured); affected by intoxicants so as to affect his ability to operate this car? If he was, then your verdict should be for the defendant. Did he violate the law in such a way as to connect the violation of the law with the accident which resulted in his death? If he did, your verdict should be for the defendant. Did he, because of the violation of the law in the running of his car, or because of the intoxicants which he had taken, expose himself to danger in the operation of that car? If so, then that was an unnecessary exposure and would avoid the

policy.". The defendant's view with respect to these several questions was presented to the court in a series of requests for instructions, all of which were unqualifiedly affirmed. The real controversy in the case arises out of the qualification the court here attaches to the provision which excepts from the liability clause cases in which the assured was "affected by intoxicants" and limits its operation to cases where the intoxicants have affected the assured's ability to operate the car. The contention of appellant is that under the language of the policy it is never a question of causal connection, nor of quantity or degree, but that any physiological change from normal conditions, however slight, superinduced by an intoxicant, avoids the policy. Were this view to be sanctioned, the plaintiff here would be without a case; for it is an admitted fact that the assured on the day of the accident had imbibed several or more glasses of beer. That some physiological change resulted to him therefrom cannot be gainsaid. With the disclosure of this fact, if appellant's contention be correct, the case should have been ended by binding instructions, for under this view of the law it would have served no purpose whatever to show that the accident resulted from conditions entirely beyond the control of the driver. The mere fact that the assured was at the time of the accident affected by an intoxicant, even though the affection were helpful—a result quite possible to the ordinary understanding—would be sufficient to deprive him of the benefits of his policy. We cannot give our sanction to this view. The insurance company, in entering into this contract with the assured, was concerned to protect itself against liability, so far as concerned the driving of automobiles at least, from injuries resulting from imprudence, recklessness and unskillfulness in driving; it could have had no purpose beyond, and yet here is a provision in the contract which, it is insisted, relieves the company of the burden of showing that the accident occurred because of one or other of these things, upon its showing that the assured at the

time of the accident was affected by some intoxicant.
The plain language of the provision itself is quite enough
to forbid any such construction of it.  It reads: "In-
juries resulting wholly or in part, directly or indirectly
from, or while, or in consequence of being affected by in-
toxicants."  To read it as contended for by appellant,
the words "resulting from" and "in consequence of,"
absolutely governing words, would have to be eliminated
or ignored, which of course may not be done.  The policy
is free from ambiguity or uncertainty in the language
here employed.  When the assured being himself the
driver of a car is injured or killed in consequence of, or
as a result of, his being affected by intoxicants, the clause
referred to in the policy clearly exempts from liability;
but it does not follow, however, as a necessary or logical
result that because the assured is shown to have taken a
certain amount of intoxicating drink before the accident,
the accident is to be referred to the intoxicant either as a
remote or proximate cause.  Therefore it is that in de-
fending against a claim such as this we have here, the
burden resting on the company in the matter of proof is
not discharged by merely showing that shortly before the
accident the insured had indulged in intoxicants, proper
and competent as such evidence would be, but, except as
the evidence goes further and establishes facts warrant-
ing a conclusion that the accident occurred as a conse-
quence or result of the assured having taken intoxicants,
the defense must fail.  The court very properly in this
case left it to the jury to find such further evidence if
they could, and decide accordingly on the weight of the
evidence submitted.

With no greater reason can it be claimed that there
was error in the instruction with relation to the viola-
tion of law.  Suppose the rate of speed that the assured
maintained exceeded the rate allowed by law, what con-
cern was that of the defendant, if it was in no way a
contributing cause of the accident?  Suppose again that
the rate of speed he maintained did expose him to danger

unnecessarily, what of that, unless the accident in which he lost his life was the consequence? Neither with respect to this feature of the case, nor the one we have just considered, is there any ambiguity in the words of the contract. The purpose in each is unmistakable—to exempt from liability where the accident causing the injury or death can be traced to the fact that the assured was at the time so affected by intoxicants that he lacked the ability to operate his car. The other assignments are destitute of merit.

The assignments of error are overruled and the judgment is affirmed.