WILLIAM TUDER, PLAINTIFF-RESPONDENT, v. COMMON-WEALTH CASUALTY COMPANY, A CORPORATION, DE-FENDANT-APPELLANT.

Submitted May 10, 1932—Decided November 12, 1932.

Before Justices Trenchard, Case and Brogan.

For the plaintiff-respondent, *David Silverman* (*Louis Rubenstein,* of counsel).

For the defendant-appellant, *Holmwood & Creighton.*

Per Curiam.

This is an appeal by the defendant from a judgment rendered by the judge of the Bayonne District Court, sitting without a jury, in favor of the plaintiff and against the defendant in an action to recover from the defendant, an insurer of one Akstulewicz, the amount of a judgment theretofore obtained by the plaintiff against Akstulewicz for damages arising out of an automobile accident on March 2d, 1928. Execution having been issued and returned unsatisfied on the last mentioned judgment, plaintiff sued the defendant under a clause in its policy which provided that if, because of the insolvency or bankruptcy of the insured, execution on a judgment for damages was returned unsatisfied, the injured person might maintain an action thereon against the insurance company subject to the terms of the policy. The policy provision is apparently pursuant to, but not in the precise words of, the statute (*Pamph. L.* 1924, *ch.* 153), which gave the injured person, in the circumstances mentioned, the right to bring suit "against such corporation *under* the terms of the policy." We mention the variation without pausing to consider whether, having regard to the context, the phrases are or are not synonymous.

The single matter presented to us by the appellant is that the court below erred in giving judgment for the plaintiff in that the insured had violated a requirement in the policy that the insured should "co-operate with the company * * * in all matters which the company deems necessary in the defense of any suit."

It is not clearly stated by the appellant what legal principle is invoked by the situation which it asserts. It speaks of co-operation by the insured as being a condition precedent. But it is not questioned that the insurance was actually in

effect until the alleged failure of the insured to co-operate in the defense of the suit against him. We gather that the argument depends upon the alleged voiding of a theretofore existing contract, and in that event the burden, of course, rests upon the insurance company which charges the omission.

The facts upon which the defendant in the instant case relied as proof of failure of co-operation by its assured are as follows: The insurance company, through its attorney, had máde preparations to defend Akstulewicz in the action brought against him for damages by the plaintiff. Akstulewicz had promised to attend the trial. At the appointed hour the trial was moved in the presence of the insurance company's attorney with the jury impaneled and sworn. At that point a messenger informed the defending attorney that the messenger was unable to find the defendant at the latter's home and that inquiry there had resulted in the information, through an unidentified interpreter, that the defendant had absconded. Thereupon the defending attorney moved the court to be relieved from his connection with the case, and the motion was granted.

Upon that showing the court below in the present action was asked to find that the defendant had failed to co-operate with the insurance company in the defense of the suit and that the insurance company was therefore freed of liability under the policy. That the insured, having been told to appear, was not in fact present at the precise hour of trial and that an investigator in calling at the insured's home a few minutes earlier had not found him are hardly sufficient to prove, conclusively, such a failure of co-operation as to void the policy. If they were, collusion between an insurer and a financially irresponsible assured would be so easy as to greatly weaken the practical usefulness of the statute and the corresponding policy provision as a protection to injured persons. There is little else in the way of competent proof. The report of the investigator that during his call he had been told, by the insured's family through the friendly interpreting of a neighbor, that the insured had absconded, does not prove that the insured had, in fact, absconded. Without more, the insurance company dropped the case. There is no

proof of any notice by the company to the insured of a termination of the insurance or of further inquiry by the company for the insured or for the reason of his absence, or indeed of any incident subsequent to the minute when the insurance company attorney disassociated himself from the trial and walked out of the court room. The court below found as a fact, in the present action, that lack of co-operation had not been proved. We think that that finding was justified by the state of the proofs.

Judgment below will be affirmed.