Zenner *v.* Goetz (Travelers Indemnity Co., Appellant).

Argued October 6, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Robert D. Dalzell,* of *Dalzell, McFall & Pringle,* for appellant.

*Burtt Harris,* for appellee.

OPINION BY MR. JUSTICE MAXEY, November 23, 1936:

Appellant, defendant's liability insurance carrier, was brought into the case by garnishment proceedings after plaintiff recovered judgment against defendant. As garnishee it now complains of the entry of judgment against it on the ground that plaintiff failed to show liability under the policy issued, and hence that its motion for judgment n. o. v. should have been granted.

Plaintiff sued defendant in an action for personal injuries alleged to have resulted from defendant's negli-

gent operation of his automobile. Appellant's counsel entered their appearance for defendant, but before trial the court permitted this appearance to be withdrawn. Eventually judgment for plaintiff in the amount of $5,000 and costs was entered against defendant. When this was not paid, plaintiff issued attachment execution against appellant. In its answers to plaintiff's interrogatories appellant admitted the issuance to defendant of a policy of automobile insurance and attached a copy of the policy. It further admitted that at the time of the accident which injured plaintiff the policy was in force.

At the trial of the garnishment proceeding, plaintiff offered in evidence the record of the previous trial and appellant's admissions in the answers to the interrogatories, and rested its case. Appellant then produced two witnesses who testified that they were passengers for hire in defendant's automobile at the time the accident occurred. The purpose of this evidence was to show that the insurance policy did not cover the accident in question, because the policy expressly provided that the purposes for which the automobile was to be used were "pleasure and business," which excluded "the carrying of passengers for a consideration," except "when such uses are definitely declared and rated," as was not the case. Appellant then rested its case. Plaintiff offered no rebuttal whatever. The trial judge sent the cause to the jury on the question of the credibility of appellant's two witnesses. The jury found a verdict for plaintiff, appellant's motion for judgment n. o. v. was denied, and judgment was entered against appellant garnishee.

At the trial appellant's defense was that defendant at the time of the accident was transporting passengers for compensation and consequently his insurance policy did not cover the liability assumed by the company. It contended, then as now, that to recover against it, plaintiff was required to show compliance by defendant with all the terms of his policy, including the fact that when the accident occurred the latter was not engaged in carrying

passengers for hire. Plaintiff's position is that this was a matter of affirmative defense, constituting an exception to the general risk insured against, which the garnishee was compelled to show in order to escape liability. Plaintiff rests upon the proposition that the duty of coming forward with evidence was the garnishee's after plaintiff had made out what he contended was a prima facie case.

When plaintiff proved that the liability had been incurred by defendant, in the form of a judgment entered against him, and that this was a liability explicitly insured against by appellant's issuance of a policy then in force, he did make out a prima facie case which entitled him to have the issues submitted to the jury. That he made out his case largely through appellant's admissions was immaterial. He was not required in addition to show that none of the risks excepted in the policy, of which carrying passengers for hire was only one, were present when the accident occurred. When a defendant seeks to avail himself of a substantive defense reserved in a policy of insurance, when he relies upon a fact specifically mentioned in a policy as relieving him of a liability generally assumed in the policy, the defense becomes an affirmative one and the defendant at that point must shoulder the duty of coming forward with evidence in support of what he affirms. See *Bowers v. Great Eastern Casualty Co.*, 260 Pa. 147, 103 A. 536; *Watkins v. Prudential Ins. Co.*, 315 Pa. 497 at 508, 173 A. 644; and *Home Benefit Assn. v. Sargeant*, 142 U. S. 691. A defendant's duty of coming forward with evidence at certain stages of a trial is sometimes loosely referred to as "burden of proof." The "burden of proof" rests throughout the trial on the party affirming facts in support of his case against a defendant, while "the burden of coming forward with evidence" may shift from side to side during the progress of a trial. See *Henes v. McGovern, Admr.*, 317 Pa. 302 at 310, 176 A. 503. We said in *Fazio v. Pittsburgh Rys. Co.*, 321 Pa. 7, 12, 182 A. 696: "It is

a well-recognized principle of evidence that he who has the positive of any proposition is the party called upon to offer proof of it. It is seldom, if ever, the duty of a litigant to prove a negative until his opponent has come forward to prove the opposing positive." See also *Wright et al. v. Straessley,* 321 Pa. 1, 182 A. 682, and 5 Wigmore on Evidence (2d ed.), 441, sec. 2486. If the burden was on plaintiff in the present case to negative the risk excepted in the policy, "it would necessarily follow that, for same reason, he was required to establish the nonexistence of all the other stringent provisions by which the policy might be avoided," as this court said in *Fisher v. Fidelity Mutual Life Assn.,* 188 Pa. 1, 13, 41 A. 467. In that case the suit was upon a life insurance policy rendered void if the insured died by his own hand; we held that plaintiff made out a prima facie case by proof of death and title in the policy, and that the burden of proving suicide, in order to avoid liability, was upon the insurer.

Appellant places its chief reliance on cases applying the well-established rule that in a suit on a policy insuring against death by "external, violent and accidental" means, the beneficiary, to make out a prima facie case, must prove not only death but the fact that it was caused by violence or accident, citing *Watkins v. Prudential Ins. Co.,* supra, and *Walters v. Western & Southern Life Ins. Co.,* 318 Pa. 382, 178 A. 499. In these cases the express condition of liability was not proof of death alone, but proof of death *by accident.* Accidental death is in such cases an operative fact and on plaintiff there always rests the duty of proving all such facts in order to recover on a contract. We made this clear in the *Watkins case,* supra, and in the *Walters case,* supra. In *Shaffer et ux. v. Hebenstreit,* 119 Pa. Superior Ct. 159, 180 A. 725, it was held that the burden was on defendant insurance carrier to show that the insured had violated a provision in an automobile liability policy against operation of the automobile by an unlicensed driver or

by a person under the influence of intoxicating liquor. See also *Petitt v. Most Excellent Assembly of A. O. of M. P.*, 73 Pa. Superior Ct. 227, and Couch's Cyclopedia of Insurance Law, Vol. 8, sec. 2217.

It is true that, in the case at bar, the garnishee supported its defense by competent oral evidence, as the garnishee failed to do in *Shaffer v. Hebenstreit*, supra. Plaintiff, moreover, made no effort to rebut this defense. Nevertheless, the case could not, for this reason, be withdrawn from the jury and a judgment entered for the garnishee, since oral testimony alone supported the defense and the credibility of witnesses had to be determined by the jury. This long-established principle has been restated by this court in *Nanty-Glo Borough v. American Surety Co.*, 309 Pa. 236, 163 A. 523. Only in exceptional circumstances is a defendant's opposing proof so conclusive and indisputable in character, in sustaining a defense, as to carry the case back into that state of the evidence where binding instructions must be given in his favor and plaintiff can be deprived of the opportunity, which he at first was entitled to demand, of having his cause submitted to the jury. Wigmore (Evidence, vol. 5, p. 446, sec. 2487) speaks of such instances as "possible in principle . . . though rare." Where a presumption in favor of a plaintiff must be overcome by a defendant if the issue is not to go against the latter, the rule has been established that the jury must determine the issues of fact if the defense is based on oral testimony. In *Hartig v. American Ice Co.*, 290 Pa. 21, 33, 137 A. 867, we said: ". . . in all our recent cases, we have consistently held that oral evidence relied on to overcome presumptions sufficient to take plaintiff's case to the jury, must be submitted to that body to determine as to the credibility of the witnesses, the inferences to be drawn from their testimony, and the facts to be found therefrom, unless the testimony in question, being clear, positive, credible, uncontradicted and indisputable, shows physical facts, or forms the basis for

mathematical tests which demonstratively govern the case in defendant's favor." The exceptions referred to in the passage quoted, together with "admittedly genuine or unattacked documentary evidence which relieves defendant from the possibility of liability," were stated by Chief Justice MOSCHZISKER (p. 31) as being the only instances where the doctrine is sufficiently relaxed to justify ruling the case as a matter of law. In the recent case of *Evans v. The Penn Mutual Life Ins. Co. of Philadelphia*, 322 Pa. 547, 186 A. 133, Mr. Justice DREW, speaking for this court, reiterated the principle that whenever the "burden of proof" is exclusively supported by oral testimony, such testimony even though uncontradicted must be submitted to the jury for acceptance or rejection.

Adherence to the principles above quoted, required the submission of this case to the jury. The motion for judgment n. o. v. was properly refused.

The judgment is affirmed, at appellant's cost.