GERTRUDE BAKER, PLAINTIFF-APPELLANT, v. EDWARD BAKER, DEFENDANT-RESPONDENT.

Submitted May 5, 1942—Decided July 30, 1942.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the plaintiff-appellant, *Isaac C. Ginsburg.*

For the defendant-respondent, *Cole & Cole.*

The opinion of the court was delivered by

PORTER, J. The appellant sued for personal injuries and resultant expenses sustained by her as a result of the alleged negligent operation of an automobile in which she was riding. The trial of the action resulted in a jury verdict for the defendant.

The automobile was owned by Edward Baker, the defendant, who is the plaintiff's son and was driven by Benjamin Baker, the father of Edward and husband of plaintiff, all members of the same household. Neither the father nor the son testified at the trial.

Gertrude Baker, the appellant, testified that her son had invited her to ride with him to see the Christmas lights at Atlantic City but became disabled from carrying out the plan by spraining his ankle and that on the evening of the accident he had requested his father to drive her to see the lights. The only witnesses for the defense were for the purpose of rebutting this evidence of the agency of the father acting for his son, the defendant.

It appears that a day or two after the accident an adjuster for the United States Fidelity and Guarantee Company (presumably the insurance carrier of the defendant) called on Benjamin Baker at his place of business to ascertain why he was driving and the facts concerning the accident. He was permitted to testify over objection to what Mr. Baker told

him. His testimony was: "Mr. Baker told me that his son had arranged to take he and his wife for a tour of the island to see the Christmas lights but a few days before his son had hurt his foot and then his wife wanted to go, Mrs. Baker wanted to go and he wanted to see the lights and he told his son that he would take the car and they would make the trip down and see the lights, to which his son consented." He testified that this conversation was in the presence of an employee of Benjamin Baker. The employee was called and testified to the same effect, also over objection.

The pertinent and material question was whether or not the father was acting as the agent for his son, the defendant. The case turns upon the admissibility of this evidence. If admissible there was a sharp issue of fact raised for the consideration of the jury and its findings would be conclusive.

Hearsay evidence is incompetent to establish any specific fact, which is, in its nature, susceptible of being proved by witnesses who speak from their own knowledge. *Hirshberg* v. *Robinson*, 75 *N. J. L.* 256. The respondent's theory of its admissibility is that it was a part of the *res gestæ* and so an exception to the hearsay rule. With that we do not agree.

It was pure hearsay, a factual statement to the witness by one not a witness, and barred by the most elementary rules of evidence.

It follows that the judgment will be reversed, and a *venire de novo* will issue, costs to abide the event.