10 N.J. Super. 287 (1950)
77 A.2d 291
MARY E. ABETY, PLAINTIFF,
v.
PETER L. ABETY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided December 7, 1950.
*288 Messrs. Vander Burgh & Aronsohn (Mr. I. William Aronsohn, appearing), attorneys for plaintiff.
Mr. N. Demarest Campbell, attorney for defendant.
HEGARTY, A.M.
Defendant's motion brings up for consideration his application for an order directing plaintiff to show cause why she should not be compelled to expressly waive the provisions of section 352 of Civil Practice Act of New York, in the manner provided by section 354 thereof, with respect to the disclosure of information contained in the records of Morrisania City Hospital, New York, New York, relating to a surgical operation performed therein upon plaintiff on or about July 24, 1935, and the disclosure of information which the surgeon or surgeons who attended plaintiff acquired in his or their professional capacity in and about the aforesaid surgical operation upon plaintiff.
Defendant, in support of his application, relies upon the transcript of testimony taken de bene esse in New York State on August 22, 1950, before Maurice S. Austin, Esq., an *289 attorney-at-law of New Jersey, and the affidavit of Thomas J. Todarelli, Esq., an attorney-at-law authorized to practice in the State of New York. In effect, the testimony sought to be elicited by defendant in New York was not permitted to be given because of plaintiff's objections on the grounds that any such answer would be a violation of sections 352 and 354 of the Civil Practice Act of the State of New York barring the release of confidential communications in the absence of the patient's consent and, therefore, the testimony of the doctor involved and the hospital records required could not be offered in evidence.
In opposition to the pending motion plaintiff urges the following grounds in support of her right to rely on the privilege accorded her by the State of New York: (a) that she cannot be compelled by order of a court of New Jersey to waive a privilege given to her by New York State; (b) New Jersey must give full faith and credit to the laws of a sister state; (c) the fact that plaintiff was a resident of the State of New York at the time of the surgical operation and has since become a resident of New Jersey does not require her to waive any privileges she acquired while a resident of the State of New York.
In the very first instance, the defendant followed the proper procedure in order to obtain depositions upon oral examination. The clear and broad language of Rule 3:30-1, secures to defendant that right. The cloak of privilege thrown about the witnesses called by defendant to give testimony in New York cannot deprive the defendant of the right to the benefit and use of that evidence. It therefore becomes unnecessary to order and require the plaintiff to expressly waive the provisions of sections 352 and 354 of the Civil Practice Act of New York for the very obvious reason that the plaintiff is not entitled, under the present state of the law and the cases, to the claimed privilege she has previously invoked in New York and which she now seeks here to have sustained.
For clarity of the situation: Such testimony as the defendant sought to obtain by deposition in New York and which *290 was objected to by plaintiff, is not privileged in New Jersey. However, Wexler v. Metropolitan Life Insurance Co., 38 N.Y.S. 2d 889 (1942), sanctions such use of depositions by the defendant free of any claim of privilege by plaintiff or witnesses. The court, in that case held:
"It appears that in New Hampshire a physician may be required to testify fully in relation to his examination and treatment of his patient and no privilege exists such as is afforded here by Section 352, Civil Practice Act.
"The defendant seeks to prove by the testimony of New Hampshire physicians who are claimed to have examined or treated the insured that he died of natural causes. I believe that the testimony of these physicians as to matters privileged under the laws of New York may not be taken by deposition in New Hampshire for use at the trial in New York. The public policy of this State does not permit the use of such evidence. The admissibility of this evidence is determined by the law of the forum. In Doll v. Equitable Life Assurance Society of United States, 3 Cir., 138 F. 705, a federal court, sitting in New Jersey, received in evidence over objection the testimony of a physician who had attended the insured in her last illness in New York; the physician testified as to the cause of her death. It was held that notwithstanding the fact that such testimony would not have been received in evidence in New York, a court sitting in New Jersey, where such testimony is not privileged, properly applied the law of the forum. The New York court is in accord with the views there stated, at page 710 of 138 F. as follows: `The prohibition of the New York statute is a rule as to evidence or procedure, * * *.' The New York statute, therefore, was not applicable to the trial in the Circuit Court for the District of New Jersey.
"There is no reason for departure from the general rule expressed in Restatement, Conflict of Laws, § 597, that: `The law of the forum determines the admissibility of a particular piece of evidence.'"
Accordingly the defendant may present an order, after first submitting the same to opposing counsel for approval, for the taking of a deposition or depositions of such person or persons, as he desires, upon oral examination as provided for in Rule 3:30-1.