Schmittinger, Appellant, *v.* Grogan.

Argued November 29, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Henry W. Balka,* with him *Balka and Balka,* for appellants.

*Max E. Cohen,* with him *Beryl E. Hoffman,* and *Henry Temin,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 4, 1961:

Plaintiffs-appellants, Isabel and Francis L. Schmittinger brought an action against defendant Edward

Grogan for damages arising out of an automobile accident. The Nationwide Mutual Insurance Company (Insurance Company), which had issued a policy covering the defendant, by their attorney, entered an appearance on his behalf. Subsequently, that attorney filed a petition and rule with the court below for permission to withdraw his appearance citing the defendant's continued failure to cooperate with the Insurance Company in the defense of the suit and the alleged breach of the cooperation clause of the policy. The lower court discharged the rule but on appeal the Superior Court reversed and granted leave to the attorney to withdraw his appearance. The Superior Court specifically stated that the question of the Insurance Company's liability was not decided by their ruling. *Cohen Appeal,* 182 Pa. Superior Ct. 399, 406, 128 A. 2d 114 (1956). The case proceeded to trial in the absence of the defendant or counsel representing him and the appellants won verdicts in the total amount of $6500. The appellants then issued an attachment execution and interrogatories against the Insurance Company as garnishee. The issue of insurance coverage of the defendant was tried in the court of common pleas and a jury returned a verdict for the appellants against the Insurance Company for the total amount of $6500 plus interest. The Insurance Company filed motions for judgments n.o.v. and the lower court granted the motions and entered such judgments. These appeals followed.

We have carefully reviewed all the testimony and evidence in this case and are satisfied that the Insurance Company has met the extremely onerous burden necessary to convince us that, as a matter of law, the defendant had breached the "cooperation clause" of the policy and, as a result, the Insurance Company was both substantially prejudiced and injured. *Cameron v. Berger,* 336 Pa. 229, 7 A. 2d 293 (1939) ; *Zenner v.*

*Goetz (Travelers Indemnity Co.)*, 324 Pa. 432, 188 Atl. 124 (1936).

Judgments affirmed.