**614**

Kenneth A. RUBY and Lawrence Cowan

v.

LUMBERMEN'S MUTUAL CASUALTY COMPANY.

Civ. A. No. 29048.

United States District Court
E. D. Pennsylvania.

Oct. 30, 1961.

———◆———

Bert E. Zibelman, Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Joseph Head, Swartz, Campbell & Henry, Philadelphia, Pa., for defendant.

ALLAN K. GRIM, District Judge.

This action[1] against the insurance company is based on judgments obtained in this court against the company's insured in an action for damages resulting from an automobile accident. The company, having undertaken the defense of that action, withdrew when it experienced difficulty in communicating with the insured, one Wolf. The company takes the position that it is relieved from liability under the policy to the insured and consequently to the present plaintiffs

on the ground that the insured breached the policy provision which required that he

" * * * shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses, and in the conduct of suits."

Specifically, the company withdrew and counsel it had engaged to defend the insured were permitted by this court to withdraw their appearance for the insured, when the court imposed sanctions upon him for failing to appear for depositions or to answer interrogatories. There was some evidence indicating that the insured had gone to Mexico and was not answering letters.

The company has moved for summary judgment.

The parties appear to assume that Pennsylvania law governs in this case, but the record contains no copy of the insurance policy or any other evidence upon which a determination of this question can be based.

As part of its argument the company contends:

"Certain correspondence addressed by [the company's attorneys] to Joseph Wolf [the insured], while not a formal part of this record, is sufficiently pertinent to be referred to at this time, especially in view of the fact that the sending of the letters and the respective return receipts cannot well be doubted."

Then follows a summary of the contents of letters to the insured.

Without deciding on the validity of this statement, there appears plainly on the face of it the fact that important evidence bearing on the issue of the insured's compliance or noncompliance with the cooperation clause of the policy is not in the record. In addition, I am unable to find in the record any evidence to indicate

1. Removed by defendant from a Pennsylvania court.

whether or not the insured replied to any of this correspondence.

There thus appear to be unresolved issues of fact in this case, rendering summary judgment improper, Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 1942, 130 F.2d 1016.[2]

### Order

And Now, October 30, 1961, defendant's motion for summary judgment is denied.

---

2. Assuming that Pennsylvania law applies, " * * * where an insurer seeks to avoid liability for lack of co-operation, the question whether there has been a material breach of the condition is ordinarily for the jury. Bachman v. Monte, supra [326 Pa. 289, 297, 192 A. 485]"; Cameron v. Berger, 1936, 336 Pa. 229, 235, 7 A.2d 293, 296, cited with approval in Schmittinger v. Grogan, 1961, 402 Pa. 499, 500, 166 A.2d 524.