97 N.J. Super. 424 (1967)
235 A.2d 229
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
GEORGE E. STILWELL, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 16, 1967.
Decided November 2, 1967.
*425 Before Judges SULLIVAN, FOLEY and LEONARD.
Mr. John J. Barry, Assistant Prosecutor, argued the cause for appellant (Mr. Vincent Panaro, Mercer County Prosecutor, attorney).
Mr. George L. Pellettieri argued the cause for respondent (Messrs. Pellettieri & Rabstein, attorneys).
FOLEY, J.A.D.
The State by leave appeals from an interlocutory order of the Mercer County Court granting a motion to suppress testimony of defendant taken before the Mercer County grand jury after defendant waived immunity from indictment and prosecution.
The background facts of this proceeding follow. In the early part of 1962 defendant's activities as superintendent of roads of Hamilton Township became the subject of an investigation by the police department and the township committee. As a result he was suspended from his position on August 15, 1963 and the matter was referred to the office of the county prosecutor for further investigation. On April 7, 1964 defendant was subpoenaed to testify before the grand jury. Informed that his conduct in public office during the previous five years was the subject matter of the investigation, he signed a waiver of immunity before testifying. The waiver was executed upon the advice of, and in the presence of, his attorney.
On the motion to suppress defendant testified:
"Q. At the time you received that subpoena, what did you do?
A. I told my lawyer.
Q. Who is your lawyer? A. George Pellettieri, Sr.
Q. What happened when you consulted with him?
A. I showed him the subpoena and he said 
*426 Mr. Barry: I object to what Mr. Pellettieri said on the ground that it is hearsay, self-serving hearsay.
The Court: Hearsay notwithstanding, go ahead.
A. Mr. Pellettieri instructed me that it was in my best interest to do so, so that I wouldn't lose my pension rights or get a dismissal from the job. I should testify before the Grand Jury."
Presumably the advice was based on N.J.S. 2A:81-17.1[*]
Additionally, he stated that he was moved to testify by advice previously given by a civil service organization of which he was a member to the effect that a refusal to testify of persons circumstanced as he might lead to forfeiture of his job and pension rights. He said also that similar information was given by county detectives to his fellow employees during a prior grand jury investigation. He conceded that no representative of the State made any statement to him which induced him to waive his constitutional right not to testify. In brief, defendant contended that the apprehension of losing his job and pension rights, based on the *427 existence of N.J.S. 2A:81-17.1 and the advices pursuant thereto, rendered his waiver involuntary.
The central question involved is whether the case is controlled by Garrity v. State of New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967). The trial court concluded:
"Based on the credible and uncontraverted testimony in the record, the court finds the motivating reason behind defendant's execution of a waiver, and his testimony before the Grand Jury was his fear that if he refused he would jeopardize his job and pension rights. There is no reasonable basis to distinguish between the position of the policemen in Garrity, supra, and defendant vis-a-vis the municipality. For all practical purposes both parties [defendants] were `between the rock and the whirlpool' with duress inherent in their respective situations."
The State argues that Garrity is factually distinguishable because in that case the inducing cause of the waiver was a warning given by the State to defendants that if they did not testify they would be subject to removal from their positions as policemen, whereas in the present case the prosecutorial authorities made no attempt to influence defendant. We recognize the factual distinction but hold it to be irrelevant. As in Garrity, the choice imposed on defendant by N.J.S. 2A:81-17.1 was one between self-incrimination or job forfeiture. We think the holding of Garrity controls the instant appeal. Here defendant's testimony was given under a fear of job forfeiture for refusal to testify. While the fear was not created by a warning of the State, the absence of such official action will not make voluntary grand jury testimony given by a reasonably informed witness fearing removal from office. See 385 U.S. 493, at pp. 496, 500, 87 S.Ct. 616, 618, 620, 17 L.Ed.2d 562, at pp. 565, 567. The trial judge, after hearing the testimony of defendant, determined as a fact that the only reason he waived his rights was the fear that his job was in jeopardy. The record amply supports this conclusion.
*428 The State also argues, as a subsidiary yet relevant proposition, that defendant's testimony that his apprehension of forfeiting his position and pension rights by reason of N.J.S. 2A:81-17.1 were engendered by advice he had received from his attorney, the Mercer County Council No. 40, and conversations between county detectives and defendant's fellow employees, which defendant overheard, was hearsay and should not have been admitted into evidence. This evidence was properly admitted, not to prove the fact asserted but to show defendant's state of mind when he waived his constitutional rights. See Kraynick v. Nationwide Ins. Co., 72 N.J. Super. 34, 41-42 (App. Div. 1962); McCormick, Evidence, § 228, pp. 464-465 (1954). See also Rule 63 of the New Jersey Rules of Evidence (1967).
The order is affirmed.
NOTES
[*] N.J.S. 2A:81-17.1 provides:

"Any person holding or who has held any elective or appointive public office, position or employment (whether State, county or municipal), who refuses to testify upon matters relating to the office, position or employment in any criminal proceeding wherein he is a defendant or is called as a witness on behalf of the prosecution, upon the ground that his answer may tend to incriminate him or compel him to be a witness against himself or refuses to waive immunity when called by a grand jury to testify thereon or who willfully refuses or fails to appear before any court, commission or body of this State which has the right to inquire under oath upon matters relating to the office, position or employment of such person or who, having been sworn, refuses to testify or to answer any material question upon the ground that his answer may tend to incriminate him or compel him to be a witness against himself, shall, if holding elective or public office, position or employment, be removed therefrom or shall thereby forfeit his office, position or employment and any vested or future right of tenure or pension granted to him by any law of this State provided the inquiry relates to a matter which occurred or arose within the preceding five years. Any person so forfeiting his office, position or employment shall not thereafter be eligible for election or appointment to any public office, position or employment in this State."