176 N.J. Super. 347 (1980)
423 A.2d 325
ALFRED MORALES, PLAINTIFF,
v.
NATIONAL GRANGE MUTUAL INSURANCE COMPANY, DEFENDANT.
Superior Court of New Jersey, Law Division Essex County.
Decided October 15, 1980.
*349 Dennis Alan Cipriano for plaintiff.
Jack A. Maloof for defendant.
BAIME, J.D.C. (temporarily assigned).
The question presented here is one of first impression. At issue is the extent to which an insurance carrier is bound to pay *350 a default judgment entered against its insured where it had no notice of the underlying negligence action. More specifically, the principal question concerns the liability of a carrier with respect to a judgment entered against its insured where there has been a breach of the notice provision of the policy.
Plaintiff instituted this action to recover the proceeds of an automobile insurance policy. Plaintiff seeks to ascribe liability to defendant based upon a default judgment entered against the latter's insured. Both parties have filed motions for summary judgment. Additionally, defendant seeks to vacate the default judgment entered previously against its insured.
This action stems from an automobile accident which occurred on May 12, 1978. Defendant insured an automobile owned by William Hardin which allegedly struck plaintiff's vehicle while operated by Donald Chesley. Plaintiff instituted suit against Hardin and Chesley on August 22, 1978. Personal service was effected upon both defendants. A default judgment was subsequently entered in June 1979 when the defendants failed to plead or otherwise defend. An ex parte hearing was conducted pursuant to R. 4:43-2(b), and another judge ultimately found Hardin and Chesley jointly and severally liable for negligence. Judgment was entered in the sum of $19,303.50. It would appear that neither Hardin nor plaintiff's attorney notified defendant of the pendency of the case prior to entry of the default judgment. Plaintiff has not recovered any portion of the judgment.
No argument is advanced here that defendant should be bound by the default judgment on the basis of res judicata principles. Although there is a split of authority, it would appear to be unfair to hold that a carrier is bound by a judgment against its insured where it was not a party to the original action. See 20 Appleman, Insurance Law and Practice, § 11521 at 378-379 (1947). See, also, Scaglione v. St. Paul-Mercury Indem. Co., 28 N.J. 88, 104 (1958). Rather, plaintiff in this case seeks judgment against defendant as a third-party beneficiary of the insurance contract. See Odolecki v. Hartford Acc. *351 and Indem. Co., 55 N.J. 542, 549 (1970). While acknowledging that defendant did not receive timely notice, plaintiff claims that the carrier remains liable since there has been no showing of appreciable prejudice.
Defendant contends that it is entitled to summary judgment due to the fact that the notice provision of the insurance policy was breached. Defendant claims it was prejudiced in that it was denied an opportunity to investigate the accident, the reason for Chesley's leaving the scene and the possibility that plaintiff was totally or partially responsible. Additionally, defendant's argument is grounded upon the contention that it lacked an opportunity to determine whether plaintiff had previous accidents; it was not afforded the right to cross-examine the parties as to the measure of damages claimed and did not have the ability to settle the case before trial. In the alternative, defendant moves to vacate the default of June 1979 should summary judgment not be granted. Examination of the competing arguments compels denial of all three motions.

I
The principles applicable to this case were first enunciated by our Supreme Court in a somewhat related context in Cooper v. GEICO Ins. Co., 51 N.J. 86 (1968). Cooper was a declaratory judgment action commenced by an insured against his automobile insurance carrier to establish the latter's liability to provide coverage under the policy. Id. at 88. The insured was involved in an automobile accident in August 1962. The carrier was not notified of the accident for almost two years because the insured believed that no claim would emerge. Id. at 89. In holding that the carrier must provide coverage to the insured, the Supreme Court stated that in order for an insurance company to escape liability, there must be proof that the notice provision of its policy was breached, and that it was appreciably prejudiced thereby. Id. at 94. The burden of proof of such prejudice is on the carrier. Id. In determining whether appreciable prejudice exists, each case must turn on its own facts. *352 Allstate Ins. Co. v. Grillon, 105 N.J. Super. 254, 260 (App.Div. 1969).
These principles have been applied in a variety of circumstances. In Allstate Ins. Co. v. Grillon the carrier sought a declaratory judgment that it was not liable on an insurance policy due to a breach of the notice provision. Allstate claimed that it was prejudiced because it was unable to have defendant submit to a physical examination and did not have an adequate opportunity to investigate the accident. Id. at 258-260. However, unlike the instant case, the carrier in Allstate had timely notice of the accident. The breach arose from a failure of the insured to send the carrier the summons and complaint within a reasonable time. Id. at 256. The Appellate Division held that no appreciable prejudice existed since the failure to investigate or to have defendant examined was due solely to the carrier's neglect. Id. at 260-261.
The "appreciable prejudice" standard of Cooper, supra, was at issue again in Dougherty v. Hanover Ins. Co., 114 N.J. Super. 483 (Law Div. 1971). In Dougherty plaintiff recovered a judgment against defendant's insured in an action stemming from an automobile accident. The carrier denied any liability under the policy based upon a breach of the notice provision. Prejudice was claimed in that the operator of the automobile, the insured's husband, was unavailable at trial to provide evidence pertaining to the measure of damages claimed by the plaintiff. Id. at 489. It was held that no appreciable prejudice was shown since the insured's husband could have contributed little on the issue of damages. Id. at 289. Once again, the carrier in Dougherty was not faced with a situation wherein it had no notice of the accident or the pendency of the action against its insured as in the instant case.
As is obvious from the foregoing cases, there has been no definitive statement by our courts as to exactly what circumstances constitute "appreciable prejudice". Nor have our courts considered the precise question presented here, i.e., the effect of a judgment against an insured upon a carrier which received no *353 notice of the pendency of the underlying action. All of the New Jersey cases are distinguishable in this regard since in each of them the carrier had notice of the pendency or likelihood of a claim against its insured prior to the entry of a judgment.
The requirement that an insurance carrier prove prejudice as a condition precedent to escaping liability on a policy is not unique to New Jersey, however. The rule announced in Cooper, supra, is employed in a majority of jurisdictions. Nonetheless, research discloses only one decision involving the liability of a carrier where it received notice after the entry of judgment. In Gerrard Realty Corp. v. American States Ins. Co., 89 Wis.2d 130, 277 N.W.2d 863 (1979), the Supreme Court of Wisconsin relieved an insurance carrier of liability, holding that it was prejudiced by lack of timely notice. The carrier was not notified of the claim until after the suit had been tried and judgment was entered. The finding of prejudice was grounded in the fact that the carrier did not have an opportunity to investigate, defend or settle the claim. Id. at 871. Nevertheless, Gerrard Realty is distinguishable. The court's decision was premised in part upon the interpretation of a statute concerning notice of claim provisions in insurance policies. Based upon that statute the court held that where notice is given more than one year after the time allowed by the policy, a rebuttable presumption of prejudice arises and the burden of proof shifts to the claimant. Id. at 872. Such a shifting of the burden of proof would be a direct contradiction of the principles set forth in Cooper.
Decisions in other jurisdictions are of some assistance in outlining the factors to be considered in determining the existence of appreciable prejudice, although they do not involve circumstances in which a carrier received no notice until after the entry of judgment. For instance, in Falcon Steel Co. v. Maryland Cas. Co., 366 A.2d 512 (1976), the Delaware Superior Court considered an insurance carrier's attempted disclaimer of liability for breach of the notice provision of a policy. Plaintiff was a construction subcontractor engaged in steel erection work. The carrier refused to defend or provide coverage under a *354 general liability policy after plaintiff was sued for the wrongful death of an employee of another subcontractor on the same project. Id. at 513. The court held that in order to escape liability the carrier was required to show that it was prejudiced by the delay. Id. at 514. It is clear that an insurance carrier's burden of proof will not be satisfied by the showing of a mere possibility of prejudice. The court stated that the likelihood of actual prejudice must be shown. In order to establish such prejudice the carrier must show a "loss of substance and not merely a loss of opportunity for the insurer to follow its established procedures." Id. at 517. The Delaware court stated that an assertion of prejudice will not relieve the carrier of liability unless it appears that evidence which may reasonably have been developed by prompt investigation has been lost, or that a settlement could reasonably have been reached given prompt notice. Id. at 518.
A similar situation was encountered by the Supreme Court of California in Billington v. Interinsurance Exchange of Southern Cal., 79 Cal. Rptr. 326, 456 P.2d 982 (1969). In Billington plaintiff was injured while a guest in an automobile insured by defendant carrier. A default judgment was entered in plaintiff's suit against the insured. Thereafter, plaintiff commenced suit against the carrier as a third-party creditor beneficiary of the insurance contract. The carrier disclaimed liability on the ground that the insured had failed to cooperate with it in the investigation of the accident and in the ensuing litigation. Id. It was undisputed, however, that the carrier had notice of the accident prior to entry of the default judgment. California adheres to the rule that an insurance carrier may not disclaim liability under a policy for breach of a notice or cooperation provision absent a showing that it was substantially prejudiced thereby. Campbell v. Allstate Ins. Co., 32 Cal. Rptr. 827, 384 P.2d 155 (Sup.Ct. 1963). The court in Billington held that in order to establish prejudice a carrier must show, at the very least, that there was a substantial likelihood that the trier of fact would have found in the insured's favor had the policy's terms not been *355 breached. 79 Cal. Rptr. at 326. See, also, Northwestern Title Secur. Co. v. Flack, 6 Cal. App.3d 134, 85 Cal. Rptr. 693, 697 (D.Ct.App. 1970); Moe v. Transamerica Ins. Co., 21 Cal. App.3d 289, 98 Cal. Rptr. 547 (D.Ct.App. 1971).
The factors which should be considered by a court in determining whether an insurance carrier has been prejudiced by late notice were discussed by the North Carolina Court of Appeals in Great American Ins. Co. v. C.G. Tate Constr. Co., 265 S.E.2d 467 (1980). There the carrier sought a declaratory judgment claiming that it was prejudiced by late notice. The court stated that notice provisions are designed to afford insurance carriers an adequate opportunity to investigate claims, and that judicial inquiry must focus upon whether the delay has frustrated that purpose. Id. at 473. In determining whether prejudice exists, a court should consider such factors as the availability of witnesses, the ability to discover information regarding the location of the accident, any physical changes in the scene during the delay, the existence of official reports concerning the occurrence, the preparation and preservation of demonstrative and illustrative evidence such as vehicles or photographs, and the ability of experts to reconstruct the scene. Id.

II
Examination of these cases discloses two important variables which have generally been considered in resolving whether appreciable prejudice exists. The first pertains to whether substantial rights have been irretrievably lost by virtue of the failure of the insured to notify the carrier in a timely fashion. In this regard it is to be emphasized that the carrier must establish more than the mere fact that it cannot employ its normal procedures in investigating and evaluating the claim. Rather, it must show that substantial rights pertaining to a defense against the claim have been irretrievably lost. I have underscored the phrase "irretrievably lost" because in a case in which notice has been given after the entry of judgment, it cannot reasonably be argued that the carrier has not been *356 prejudiced. Indeed, the carrier has lost the opportunity to make a prompt investigation of the accident, to depose parties and others, to appear at trial and cross-examine witnesses, and to present evidence in its insured's behalf. The extent to which such rights have been irretrievably destroyed, however, is quite another question. It might well be that witnesses are presently available and that the circumstances surrounding the accident can be reconstructed. See American Ins. Co. v. C.G. Tate Constr. Co., supra at 467. Under such circumstances it would be unfair to apply a per se rule barring recovery against the carrier by an accident victim.
The second factor considered by most courts in determining whether appreciable prejudice exists pertains to the likelihood of success of the insurer in defending against the accident victim's claim. In some cases the liability of the insured and the resulting damages are so clear that it would be unfair to preclude the plaintiff from recovering against the carrier. For that reason the carrier should be required to show the likelihood that it would have had a meritorious defense had it been informed of the accident in a timely fashion.[1]
Resolution of the issue raised in this case depends upon the interplay between these competing variables. Where the carrier can show that it is presently unable to defend and that there is some likelihood that it would have prevailed at trial had it been noticed properly, it should not be responsible for the judgment entered against the insured. Under such circumstances, it would be grossly unfair to permit recovery against the carrier. On the other hand, should the carrier be presently unable to defend, but there is no likelihood that it would have prevailed had it been notified of the accident, plaintiff should be *357 permitted to sue the carrier as a third-party beneficiary. Conversely, should the carrier show that it is presently able to defend and that a meritorious defense exists, it should not be required to automatically pay the judgment against the insured. Under such circumstances a trial should be conducted to determine the liability of the insured and resulting damages, if any. Finally, the carrier should not be precluded from liability where it can reconstruct the circumstances pertaining to the accident, but it cannot show that a meritorious defense exists. In that event, the carrier should not be immune from suit.
It is axiomatic that summary judgment will not be granted where a genuine issue of material fact is found to exist. Judson v. People's Bank & Trust Co. of Westfield, 17 N.J. 67 (1955); Ruvolo v. American Cas. Co., 39 N.J. 490 (1963). In the instant case, a plenary hearing is necessary to resolve the factual issues bearing upon defendant's claim of appreciable prejudice. At such hearing it must be determined whether defendant is presently able to defend against plaintiff's claim. Defendant should be considered to have been appreciably prejudiced only upon a showing that a prompt investigation would have yielded material evidence which is no longer obtainable. To avoid liability, the carrier must also show the likelihood that a meritorious defense would have existed.
Since material facts are in issue, summary judgment must be denied to both defendant and plaintiff. In addition, it would be inappropriate to grant the alternative relief sought by defendant. Vacation of the default judgment would provide excessive relief since it would relieve Hardin and Chesley of liability as well. In this regard, it is significant that the judgment exceeded the policy limits. It would be inappropriate to vacate the default judgment entered against two parties who have never sought such a remedy. Therefore, all motions are denied.
NOTES
[1] This "likelihood of a meritorious defense" standard, is somewhat analogous to the "good cause" rule applicable in cases where vacation of a default judgment is sought. R. 4:43-3. In such cases the presence of a meritorious defense worthy of judicial determination satisfies the "good cause" standard. O'Connor v. A. Altus, 67 N.J. 106, 129 (1975).